UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHANCE CATUDAL,

    **Plaintiff,**

    v.

                                             Civil Action 2:12-cv-174
                                             Judge Algenon L. Marbley
                                             Magistrate Judge Elizabeth P. Deavers

**MICHAEL L. STURGILL, et al.,**

    **Defendants.**

## OPINION AND ORDER

    Plaintiff, Chance Catudal, who is proceeding without the assistance of counsel, brings this action against eighteen entities and officials, alleging that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights and seeking more than $6 million in damages. This matter is before the Court for consideration of Plaintiff's Second Motion for Leave to File First Amended Complaint (ECF No. 42) and Defendants' Memoranda in Opposition (ECF No. 49). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

    Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of

permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## II.

Plaintiff seeks leave to drop "any individual or entity not directly involved with the deprivation of his Constitutional rights, privileges, or immunities." (Pl.'s Mot. 2, ECF No. 42.) More specifically, his proposed Second Amended Complaint names only Defendants Portier, Blevins, Thompson, and a John Doe Detective. In addition, Plaintiff seeks to add "instrumental fact[s]." (*Id.* at 3.) Defendants oppose Plaintiff's Motion, asserting that his proposed amendment is unnecessary under Federal Rule of Civil Procedure 41(a), will result in undue delay, and is futile.

Defendants' objection to Plaintiff's Motion on the ground of undue delay is unpersuasive. Defendants posit that permitting amendment "would create undue delay in these proceedings with regard to dispositive motion practice, court scheduling, discovery (if necessary) etc." (Defs.' Opp. 5, ECF No. 49.) Defendants, however, fail to explain why this is so. Further, the Court is unable to discern why Plaintiff's proposed amendment—which drops numerous defendants and adds no new claims—would necessitate appreciable delay. Defendants' assertion of undue delay is belied by the fact that the Court has stayed discovery and

2

declined to establish a case schedule.  (*See* July 10, 2012 Order, ECF No. 31.)  Defendants do not allege prejudice beyond that attributable to the alleged delay.

Defendants' reliance on Rule 41(a) as a basis for denying amendment is equally unpersuasive.  Federal Rule of Civil Procedure 41(a) allows the plaintiff "to dismiss an *action* without a court order by filing . . . a stipulation of dismissal signed by *all* parties who have appeared."  Fed. R. Civ. P. 41(a)(1) (emphasis added).  Plaintiff, however, seeks to drop only *some* of the *parties*.  Moreover, in addition to dropping certain parties, Plaintiff also seeks add new factual allegations.[1]  Thus, Plaintiff properly sought amendment under Rule 15(a).

Defendants' sole remaining argument in opposition to Plaintiff's Motion is that the new allegations Plaintiff seeks to assert, even if true, do not cure the deficiencies they have raised in their pending Motion to Dismiss.  More specifically, Defendants submit that Plaintiff's additional allegations concerning the arrest warrant at issue in this action, even if true, do not render the warrant invalid.  Thus, Defendants are challenging the legal sufficiency of the claim for which Plaintiff seeks to provide additional support.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty

---

[1] Certainly, if Plaintiff desired only to drop defendants, he could move under Federal Rule of Civil Procedure 21, which allows the Court "[o]n motion or on its own . . . [to] add or drop a party . . . [or] sever any claim against a party."  Fed. R. Civ. P. 21.  *See AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)) (holding without conclusively deciding, "that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21" as opposed to Rule 41; *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim' . . . [Rule 21] is the one under which any action to eliminate [individual defendants] should be taken.").

presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See*, *e.g.*, *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."). In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend his Complaint with the understanding that Defendants are free to renew their pending Motion to Dismiss or to file a new motion. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV.

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. (ECF No. 42.) The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint, attached to his Motion as Exhibit One (ECF No. 42-1). As set forth above, the Second Amended Complaint names only Defendants Portier, Blevins, Thompson, and a John Doe Detective. The Clerk is, therefore, **DIRECTED** to **TERMINATE** the other named Defendants as parties. The Clerk is further **DIRECTED** to **TERMINATE** the pending Motions to Dismiss as **MOOT**. (ECF Nos. 13, 14 and 39.) If the remaining Defendants intend to renew their Motion to Dismiss or to file a new

motion, they must do so **WITHIN THIRTY DAYS**.

    **IT IS SO ORDERED.**


Date: February 28, 2013                  /s/ *Elizabeth A. Preston Deavers*
                                                           Elizabeth A. Preston Deavers
                                                            United States Magistrate Judge